UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA

    *Plaintiff-Appellant*

v.      C.A. No. 23-60408
[No. 3:18cr165CWR-FKB (S.D. Miss.)]

JESSIE BULLOCK

    *Defendant-Appellee*

---

**MOTION TO REISSUE UNPUBLISHED OPINON AS PUBISHED**

---

Pursuant to Rule 27(a) of the Federal Rules of Appellate Procedure, the United States of America ("the Government"), the appellant herein, moves this Court to reissue its unpublished opinion as a precedential, published opinion. The panel (Jones, Willett, Engelhardt, JJ.) reversed a district court opinion that has been cited by various courts nearly two-hundred times.

The Government makes this request because this Court's opinion addresses a topic that is important to the development of the caselaw in this circuit on an issue that is regularly (and repeatedly) being raised in this Court.

The Court's opinion identifies aggravated assault and manslaughter as among the predicate offenses that district courts may look to in assessing whether a defendant's use of a firearm may be prohibited. Slip Op. at 2-3. The opinion also clarifies that that Government can disarm those who have previously misused a gun to harm or menace others. *Id*. The identification of these prior offenses as relevant to the application of 18 U.S.C. § 922(g)(1) has potential significance in other cases for which these previous offenses serve as Section 922(g)(1) predicates. Indeed, this is the second time in a week that this Court has clarified that a person who misuses a gun may be constitutionally disarmed. *See United States v. Isaac*, No. 24-50112 (5th Cir. Nov. 20, 2024) (unpublished per curiam) (aggravated-assault conviction). The availability of a published opinion addressing these predicate offenses would serve the administration of justice by enabling the Court to dispose of similar appeals on summary affirmance.

The panel also recognizes that whether 18 U.S.C. § 922(g)(1) fits within the nation's historical tradition "is a legal inquiry into the text and history related to the relevant regulation," such that "the government may provide additional legal support for its arguments on appeal." *Id*. at 2. The extent to which this Court or

district courts are bound by the historical record furnished by the parties is an important question that is litigated often and presently unanswered in a binding decision. The Court's clear pronouncement that the historical record is a legal issue would benefit litigants and courts alike.

These are issues of interest to parties beyond this case. *See* 5th Cir. R. 47.5.1 ("opinions that may in any way interest persons other than the parties to a case should be published"). Indeed, the opinion "concerns or discusses a factual or legal issue of significant public interest." 5th Cir. R. 47.5.1(e). This circuit has a very active docket of Second Amendment cases, and this is only one among many. There are doubtless others for which this opinion would be instructive, indeed, decisive.

For these reasons, the Government submits that principles of judicial economy would be best served by publishing the Court's straightforward decision in this case. Accordingly, the Government respectfully requests that this Court reissue its decision in this case as a published, precedential opinion.

## CERTIFICATE OF CONFERENCE

The undersigned has contacted Tom Turner, appellate counsel for the appellant, who advised, on behalf of his client, that he opposes the requested relief.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court reissue its decision in this case as a published, precedential opinion.

Respectfully submitted,

TODD W. GEE
*United States Attorney for the Southern District of Mississippi*

/s/ *Gaines H. Cleveland*

GAINES H. CLEVELAND
Mississippi Bar Number 6300
*Assistant United States Attorney*

MAHOGANE D. REED
*Attorney*, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
(202) 616-1170

JENNIFER CASE
Mississippi Bar Number 104238
*Assistant United States Attorney*
501 E. Court Street
Jackson, Mississippi 39201
Telephone: (228) 965-4489

Dated: November 25, 2024

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day, he caused to be electronically filed a copy of the foregoing with the Clerk of the Court using the ECF system, which caused the motion to be served on counsel of record.

CERTIFIED, this the 25th day of November 2024.

/s/ *Gaines H. Cleveland*
GAINES H. CLEVELAND
*Assistant United States Attorney*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of FED. R. APP. P. 27(d)(1) because this document contains 526 words, excluding the parts of the document exempted by FED. R. APP. P. 27(d)(2)(A).

2. As provided by FED. R. APP. 27(d)(1)(E), this document complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. 32(a)(6) because the document has been prepared using Palatino Linotype font produced by Microsoft Word 2010 software.

CERTIFIED, this the 25th day of November 2024.

/s/ *Gaines H. Cleveland*
GAINES H. CLEVELAND
*Assistant United States Attorney*